**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL JOHNSON,

                                  Plaintiff,                      No. 11-CV-188
      v.                                                  (GLS/DRH)

WILLIAM D. BROWN, Supt., Eastern Correctional
Facility; CAPTAIN JOHN DOE; SGT. JOHN DOE,

                                Defendants.

---

**APPEARANCES:**                                **OF COUNSEL:**

MICHAEL JOHNSON
Plaintiff *pro se*
04-A-4042
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ERIC T. SCHNEIDERMAN            C. HARRIS DAGUE, ESQ.
Attorney General for the                     Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

**I.    Introduction**

      Plaintiff *pro se* Michael J. Johnson, an inmate in the custody of the New York State

Department of Corrections and Community Supervision, brings this action pursuant to 42

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants violated his due process rights under the Fifth and Fourteenth Amendment to the United States Constitution by prosecuting him and confining him in Special Housing Unit ("SHU") on two separate Tier III misbehavior reports stemming from a single incident.  *See* Dkt. No. 5.  In addition to Eastern Correctional Facility Superintendent William D. Brown, the amended complaint names as defendants Captain John Doe and Sgt. John Doe.  *Id*. at 1-2.

Presently pending are defendant Brown's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's motion for leave to file a second amended complaint, and plaintiffs motion for appointment of counsel.  Dkt. Nos. 11, 13, 14.

For the following reasons, plaintiff's motion to file a second amended complaint is granted, his motion for appointment of counsel is denied, and it is recommended that defendant Brown's motion to dismiss be denied as moot.

## II.    Discussion

A motion to amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure.  Rule 15 states that leave to amend shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion.  *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

Plaintiff filed his motion to amend shortly after defendant Brown filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 14.  Upon review of the proposed amended complaint submitted by

2

plaintiff in support of his motion, it appears that he now seeks to assert Eighth Amendment deliberate indifference claims arising out of the SHU confinement imposed in the disciplinary proceedings complained of.  *See* Dkt. No. 14-1 at 11.  Plaintiff has also revised his pleading to set forth the relevant facts in separately numbered paragraphs.  *Compare* Dkt. No. 5 *with* Dkt. No. 14-1.

Counsel has advised the Court that defendant Brown "takes no formal position" with respect to plaintiff's motion to amend.  Dkt. No. 15.  Counsel requests, however, that if the motion is granted, defendant's motion to dismiss "be heard as still wholly applicable to the Second Amended Complaint" and that defendant Brown be afforded the opportunity to make a further submission addressing any new issues raised in that pleading.  *Id.*

Based upon the Court's review of the file, and in light of the fact that defendant Brown is not opposed to the requested relief, plaintiff's motion to amend is granted.  The Clerk is directed to send a copy of the proposed second amended complaint to plaintiff to be signed and returned to the Clerk for filing in this action as the second amended complaint.

"Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss."  *Byng v. Campbell*, No. 9:07-CV-471, Report-Recommendation, 2008 WL 152708, at *1 (N.D.N.Y. Dec. 16, 2008) (Homer, M.J.), *adopted,* 2008 WL 152708, at *1 (N.D.N.Y. Jan. 21, 2009) (Sharpe, J.) (quoting *Brown v. Napoli*, No. 07-CV-838, 2008 WL 4507590, at *2 (W.D.N.Y. Sep. 29, 2008)).

Because plaintiff's motion to amend has been granted, the Court recommends that upon the filing of the signed second amended complaint, defendant Brown's motion to

3

dismiss (Dkt. No. 11) be **denied as moot**.[2]

Turning to plaintiff's motion for appointment of counsel (Dkt. No. 13), courts cannot use a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), "the district judge should first determine whether the indigent's position seems likely to be of substance." *Id*. at 61. If the claim satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge*, 802 F.2d at 61-62). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

At this relatively early stage of the litigation, it is difficult for the Court assess the likely merits of plaintiff's claims. Moreover, there is nothing in the record which demonstrates that plaintiff is not able to effectively pursue this action. While it is possible that there will be conflicting evidence implicating the need for cross-examination if this case proceeds to trial, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*,

---

[2] In the event this Court's recommendation is adopted, and defendant Brown's motion to dismiss is denied, the Clerk is directed to return the file to this Court for review and to set appropriate deadlines for consideration of defendant Brown's motion to dismiss the second amended complaint.

4

899 F.Supp. at 974 (*citing Hodge*, 802 F.2d at 61). Finally, this Court is not aware of any special reason why appointment of counsel **at this time** would be more likely to lead to a just determination of this litigation.

The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.

### III. Conclusion

Wherefore, it is hereby

ORDERED that plaintiff's motion for leave to file a second amended complaint (Dkt. No. 14) is **GRANTED**. The Clerk of the Court is directed to send a copy of the proposed second amended complaint (Dkt. No. 14-1) to plaintiff to be signed and returned to the Clerk for filing in this action; and it is further

ORDERED that plaintiff is directed to submit a signed copy of his proposed second amended complaint to the Clerk for filing **within ten (10) days** of the filing date of this Report-Recommendation and Order; and it is further

ORDERED that plaintiff's motion for appointment of counsel (Dkt. No. 13) is **DENIED WITHOUT PREJUDICE**; and it is

RECOMMENDED that upon the filing of plaintiff's signed second amended complaint, defendant Brown's motion to dismiss the complaint (Dkt. No. 11) be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of HHS*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 14, 2011
      Albany, New York

*David R. Homer*
United States Magistrate Judge